UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA M. PERRY, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-01870-TWP-DKL |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Andrea M. Perry ("Perry") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Perry's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Honorable Tanya W. Pratt, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the request. [Dkt. 27.] For the reasons set forth below, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

### I. BACKGROUND

**A. Procedural History**

Perry filed applications for DIB and SSI on January 3, 2011, alleging an onset of disability of July 1, 2009. [Dkt. 15-2 at 12.] Perry's application was denied initially on

1

May 6, 2011, and upon reconsideration on October 3, 2011. *Id.* Perry requested a hearing, which was held before Administrative Law Judge James R. Norris ("ALJ") on July 27, 2012. The Appeals Council denied Perry's request for review of the ALJ's decision on September 27, 2013, making the ALJ's decision final for purposes of judicial review. [Dkt. 15-2 at 2.] Perry filed her Complaint with this Court on November 25, 2013. [Dkt. 1.]

### B. Factual Background and Medical History

Perry was born on January 24, 1981, and was 31 years old at the time of the hearing. She has past relevant work as an appointment clerk. Perry received her GED and has taken some college courses. Perry testified that she last worked in 2009 at Church's Chicken through a work-study program at Marten University. She stopped working when she became too far along in a pregnancy to continue to work. This employment was not consistent enough to constitute substantial gainful activity ("SGA").

The ALJ found Perry suffers from the severe impairments of vision impairment, polysubstance dependence and antisocial personality disorder. As Perry and the ALJ thoroughly summarized the medical records, the Court will only cite to the portions relevant to the issues on which Perry requests review.

## LEGAL STANDARDS

### A. Standard for Proving Disability

To be eligible for SSI and DIB, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423(d)(1)(A). To evaluate a disability claim, an ALJ must use the following five-step inquiry:

> Step One: Is the claimant currently employed;
>
> Step Two: Does the claimant have a severe impairment or combination of impairments;
>
> Step Three: Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity;
>
> Step Four: Can the claimant perform his past relevant work; and
>
> Step Five: Is the claimant capable of performing any work in the national economy?

20 C.F.R. §§ 404.1520. *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560 (c)(2).

### B. Standard for Judicial Review

An ALJ's decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O=Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

## II. DISCUSSION

Perry claims the ALJ committed various errors that require reversal of the Commissioner's decision. Specifically, Perry contends the ALJ erred when he: (1) failed to analyze Perry's mental impairments under Listing 12.04; (2) negatively assessed Perry's credibility; and (3) failed to account for Perry's mental deficiencies in his residual functional capacity assessment ("RFC").

### A. Listing 12.04 (Affective Disorders)

Perry first argues that the ALJ's denial decision was in error because his opinion "ignored Listing 12.04 (depression)." [Dkt. 19 at 12.] In support of this argument, Perry

4

asserts the ALJ failed to consider the diagnoses of depression in the record. While Plaintiff is correct that the ALJ did not analyze Listing 12.04, he did reference medical records diagnosing depression including the records cited by Plaintiff. The ALJ did not find Perry's depression to be a severe impairment; therefore, there was no need to analyze Listing 12.04. Instead, the ALJ found Perry's polysubstance abuse and antisocial personality disorder to be severe impairments and evaluated the medical records under Listings 12.08 (personality disorders) and 12.09 (substance abuse disorders). In doing so, the ALJ relied upon the hearing testimony of Dr. Brooks, who had reviewed Perry's entire medical record and testified extensively as to her mental health impairments.

The ALJ examined the Paragraph B criteria for 12.08 and 12.09 (which also are the same criteria for 12.04) and determined Perry had mild restrictions of activities of daily living; moderate difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation. Plaintiff asserts the ALJ's finding of "mild" restrictions of activities of daily living ignored the fact that Perry was homeless and begged for food. Perry further asserts the finding of "moderate" difficulties in social functioning must be in error because her children had been removed from her care and she had experienced bizarre forms of abuse. "She obviously had Marked to Extreme impairment in both areas," Perry argues. [Dkt. 19 at 13.] But Perry points to no medical evidence to support this claim. No health care provider assessed her difficulties in activities of daily living or social functioning as marked or extreme. Moreover, the ALJ correctly noted that Perry's children were

5

removed from her care because of domestic violence and substance abuse issues, not because Perry was unable to interact socially.

The ALJ found Perry did not satisfy the Paragraph B criteria and Perry has pointed to no evidence that conflicts with that finding. Regardless of whether the ALJ was evaluating 12.04 or 12.08 and 12.09, the Paragraph B criteria are identical. Consequently, since Perry did not satisfy the Paragraph B criteria, she could not satisfy the requirements of Listing 12.04 and any error on the ALJ's part to explicitly apply this listing was harmless. *See Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (wherein the Court held that the ALJ's opinion "is not a model of compliance, but we will not remand a case for further specification when we are convinced that the ALJ will reach the same result."). The ALJ must provide an "accurate and logical bridge" between the evidence and the conclusion that the claimant is not disabled, so that "as a reviewing court, we may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review." *Young v. Barnhart,* 362 F.3d 995, 1002 (7th Cir. 2004). The Court finds ALJ fulfilled this obligation.

The Court likewise rejects Perry's argument that the ALJ erroneously disregarded his low GAF scores. To the contrary, the ALJ dedicated a paragraph of her analysis to the GAF scores, even citing the Seventh Circuit standard that GAF scores "are useful for planning treatment" but they do not "reflect the clinician's opinion of functional capacity." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). She concluded that "while

6

the claimant received relatively low GAF scores, they are not necessarily indicative of his functional limitations." [Dkt. 14-2 at 29.] The Court adds that a GAF score assessed during a severe depressive episode, such as when Perry was admitted to the hospital contemplating suicide, is not helpful in determining a claimants' overall functioning. As the Seventh Circuit has noted, "a person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Despite Perry's assertion, the ALJ did not "arbitrarily reject" Perry's GAF scores. She examined them within the context of the complete medical record and determined they were inconsistent with the level of social functioning reflected in the record. The ALJ found Perry's mental impairments did not rise to the level of severity required to be considered "disabled" under Listing 12.04. The Court finds there is substantial evidence to support that conclusion.

### B. Perry's Credibility

Perry also contends the ALJ's negative credibility determination must be reversed because it is contrary to SSR 96-7p. In support of her argument, Perry asserts the ALJ's use of "boilerplate" language in the credibility determination renders it erroneous. However, the Seventh Circuit consistently finds that the use of such boilerplate language "does not automatically undermine or discredit the ALJ's ultimate conclusion if he otherwise points to information that justifies his credibility determination." *Pepper*, 712 F.3d at 367-68. The ALJ did that here.

7

Following the boilerplate language, the ALJ discussed Perry's testimony in conjunction with specific portions of the medical record. For example, the ALJ observes that while Perry described fairly limited daily activities, at "certain points in the record she admits to more abilities than she alleges . . . [she] is able to cook, clean and shop for herself, has no problems with personal care, and is able to function independently and take care of her own basic needs." [Dkt. 15-2 at 21.] The ALJ also notes that Perry alleges difficulty with concentration, but "has been able to take college classes and work at the fair. Further, her mental status exams have generally noted no problems with attention or concentration." *Id.* Addressing Perry's allegation of disabling depression, the ALJ observes that she "has not followed through with medication or counseling to address this alleged condition." Id. Finally, the ALJ notes that Perry claimed her non-compliance with taking prescribed medications was due to her inability to afford them but she has been able to purchase drugs and alcohol. In fact, during a consultative mental status examination, Perry reported that she spent $50-$100 a month on cocaine and about $40 a month on marijuana. [Dkt. 15-9 at 38.] "Clearly, these circumstances and accompanying allegations have a negative effect on her credibility," the ALJ concludes.

The ALJ's above explanatory references to Perry's testimony and the medical record allow the Court to sufficiently examine what the ALJ relied upon to determine Perry was not fully credible. *See Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). To overturn an ALJ's credibility finding it must be "patently wrong" and that is not the case here. The Court finds the ALJ's decision to not fully credit Perry's testimony of total disability is supported by substantial evidence.

### C. Step Five and RFC

Perry's final argument for the reversal of the ALJ's decision challenges his RFC assessment. Perry asserts the RFC does not properly account for her "major depression with GAF assessments in the totally disabled range." [Dkt. 19 at 21.] Perry's argument here essentially mirrors her above argument that the ALJ ignored evidence of her diagnosis of depression. As explained above, the ALJ addressed Perry's allegations and diagnosis of depression at several points in the opinion. Ultimately, the ALJ did not find Perry's depression to be a severe impairment and did not assign limitations in the RFC based upon mental impairments. Perry does not identify a particular limitation that she believes is necessary; nor does she point to any evidence in the record to support mental limitations. Accordingly, the Court finds there is no basis to overturn the ALJ's RFC.

### III. CONCLUSION

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record. As the Court cannot find a legal basis to overturn the ALJ's determination that Perry does not qualify for disability benefits, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

**Notice Regarding Objections**

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**The parties should not expect extensions of time to file either objections or responses. No replies will be allowed.**

December 3, 2014

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper

UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov